ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- ) | |
| ) | |
| Colonna's Shipyard, Inc. ) | ASBCA Nos. 59987, 60104, 60105 |
| ) | |
| Under Contract No. N50054-13-C-1304 ) | |

APPEARANCE FOR THE APPELLANT:     Donald C. Holmes, Esq.
                                  Holmes, Pittman & Haraguchi, LLP
                                  Greensboro, MD

APPEARANCES FOR THE GOVERNMENT:   Ronald J. Borro, Esq.
                                  Navy Chief Trial Attorney
                                  Robyn L. Hamady, Esq.
                                  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON THE PARTIES' MOTIONS

Pending before the Board are motions from both parties: "Motion to Dismiss, Motion to Strike and/or Motion for a More Definite Statement" (gov't mot.), filed by the Navy; and a Motion for Partial Summary Judgment filed by appellant, Colonna's Shipyard, Inc. (Colonna) (app. mot.). As the briefing of the motions overlapped temporally and in subject matter, we address both motions in this opinion. We first address the Navy's motions. The Navy seeks to dismiss Colonna's entire appeal for lack of subject matter jurisdiction, and alternatively seeks to dismiss counts two through five of Colonna's Consolidated First Amended Complaint (compl.) for lack of jurisdiction to grant the relief requested (gov't mot. at 1). The Navy additionally seeks to dismiss or strike count one of Colonna's complaint or alternatively seeks a more definite statement regarding Colonna's allegations of constitutional violations and constructive debarment (id.). Finally, the Navy moves to dismiss or strike count six of Colonna's complaint alleging entitlement to legal fees pursuant to the Equal Access to Justice Act (EAJA) as premature. As explained below, we grant the Navy's motion to dismiss with regard to counts one and five of Colonna's complaint. We deny the Navy's motion to dismiss with regard to counts two through four of Colonna's complaint, but grant the Navy's motion to strike in part with regard to counts two through four to the extent Colonna seeks specific performance or injunctive relief. Finally, we deny as moot the Navy's motion to dismiss count six of Colonna's complaint regarding the request for EAJA fees because the Board dismissed as premature the EAJA request by order dated 22 February 2016.

Turning to Colonna's motion for partial summary judgment, it seeks the Board's ruling that we have "jurisdiction over this dispute" and that "the Navy must undertake

efforts to issue a factually correct and not misleading [Contractor Performance Assessment Report] under this contract" (app. mot. at 1). The Board's jurisdiction to entertain Colonna's motion seeking a ruling on jurisdiction is denied as moot because the jurisdictional issue is resolved in deciding the government's motion. For the reasons stated below, we deny Colonna's motion for partial summary judgment regarding the Navy's need to "undertake efforts to issue a factually correct and not misleading" performance review, because there are genuine issues of material fact regarding the accuracy of the existing performance review.

<u>STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE GOVERNMENT'S MOTION</u>

1. Colonna was awarded Contract No. N50054-13-C-1304, and performed the contract to its conclusion (First Amended Complaint (compl.) ¶ 16).[1] The contract was a firm-fixed-price contract to dry dock and repair the U.S. Navy Dry Dock *Dynamic* (AFDL6)[2] and the berthing barge (YFND30) (compl. ¶ 21).

2. During performance of the contract, there were numerous changes to the contract, and the performance period was extended from 23 June 2013 through May 2014 (compl. ¶ 22).

3. On 24 July 2014, the Navy issued the first version of its Contractor Performance Assessment Report (CPAR) for Colonna. The CPAR assigned unsatisfactory ratings to Colonna for its performance of the contract, and contained numerous errors. (Compl. ¶¶ 60-69, attach. 3)

4. Colonna objected to the 24 July 2014 CPAR rating and engaged in communications with the Navy seeking to have the rating modified (compl. ¶¶ 8, 10).

5. On 12 March 2015, the Navy issued an amended CPAR again assigning a poor rating for Colonna and containing numerous factual errors (compl. ¶¶ 28-69, attach. 1).

6. On 26 March 2015, Colonna filed a claim with the contracting officer requesting that "the contracting officer cause the withdrawal of the CPAR and the filing of the CPAR containing correct and accurate information. That will include the withdrawal of any unsatisfactory performance rating." (Compl. ¶ 17; R4, tab 39 at 331)

7. On 15 April 2015, the Navy again amended the CPAR, repeating many of the same errors (compl. ¶ 99b, attach. 2).

---

[1] The facts as stated in the complaint are assumed to be correct for the purposes of the motion to dismiss. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Navy disputes Colonna's factual assertions.

[2] Paragraph 21 of Colonna's complaint incorrectly refers to the *Dynamic* as AF<u>BL</u>6.

8. On 22 April 2015, Colonna submitted a draft of its second claim to the Navy, addressing the 15 April 2015 CPAR report, but essentially repeating its earlier claim requesting that the Navy withdraw the CPAR and issue a corrected CPAR without an unsatisfactory performance rating (R4, tab 40). On 13 May 2015, Colonna formally submitted the claim to the contracting officer (compl. ¶ 70; R4, tab 41).

9. On 13 May 2015, Colonna filed its first appeal, ASBCA No. 59987, with the Board, asserting a deemed denial of its 26 March 2015, and 13 May 2015 claims.

10. Following a Board inquiry in the 18 May 2015 Notice of Docketing ASBCA No. 59987 as to whether Colonna's appeal was premature with regard to its attempt to allege a deemed denial of the 13 May 2015 claim, Colonna submitted two new notices of appeal, separately appealing the deemed denial of its 26 March 2015 and 13 May 2015 claims, respectively docketed as ASBCA Nos. 60104 and 60105.

11. On 1 September 2015 the Navy made additional minor modifications to the CPAR (compl. ¶ 76, attach. 4).

12. On 6 January 2016, Colonna filed its first amended complaint in this consolidated action with regard to all three appeals.

13. On the same day that Colonna filed its first amended complaint, 6 January 2016, Colonna also filed its motion for partial summary judgment.

14. On 1 February 2016, the Navy filed its motion to dismiss, motion to strike, and/or motion for more definite statement.

15. On 22 February 2016 the Board issued an order dismissing as premature count six of Colonna's complaint seeking EAJA fees.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

Colonna bears the burden of proving the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. The Board possesses jurisdiction pursuant to the Contract Disputes Act (CDA) when a claim has "some relationship to the terms *or performance* of a government contract." *Todd Construction, L.P. v. United States*, 656 F.3d 1306, 1314 (Fed. Cir. 2011) (quoting *Applied Cos. v. United States*, 144 F.3d 1470, 1478 (Fed. Cir. 1998)).

3

## DECISION ON THE GOVERNMENT'S MOTION

The Navy asserts that counts two through five of Colonna's first amended complaint should be dismissed because the Board lacks jurisdiction to grant the specific performance and injunctive relief requested by Colonna. The Navy next requests that count one of Colonna's first amended complaint be dismissed because the Board lacks jurisdiction to entertain constitutional claims or claims of constructive debarment. Finally, the Navy seeks to dismiss count six of Colonna's first amended complaint as premature. As the Board already struck Colonna's EAJA claim as premature (SOF ¶ 15), this portion of the Navy's motion is denied as moot.

### A. The Navy's Motion is Granted in Part with Regard to Counts Two Through Five

The Navy seeks to dismiss counts two through five of Colonna's first amended complaint because the Board is without jurisdiction to grant injunctive relief or to order specific performance. Counts two ("The Navy Failed to Meet the ASBCA Standard for Processing a CPAR"), three ("Breach of Contract"), and four ("Contracting Officer Improperly Delegated His Obligation to Issue a Proper CPAR to an Unqualified Subordinate") of Colonna's first amended complaint allege various deficiencies in the Navy's CPARs. In these counts, Colonna asserts that the contract provides that a CPAR will be performed in accordance with FAR 42.15 (compl. ¶¶ 106, 116), and otherwise alleges that the CPAR was not performed in accordance with the terms of the contract. In addition, in each of counts two through four, Colonna requests that the CPARs "be vacated from the Navy's past performance evaluation system, and the Contracting Officer should be ordered to issue a new CPAR for this contract that is fair and accurate" (compl. ¶¶ 112, 118, 122). Count five is Colonna's "Request to Have All CPAR Information Stricken for this Contract" and simply repeats Colonna's factual allegations with regard to counts two through four and then requests that "all CPAR information now and in the future relating to this contract should be stricken and not exist in any Navy record" (compl. ¶ 126).

The Board possesses CDA jurisdiction when a claim has "some relationship to the terms or *performance* of a government contract." *Todd Construction*, 656 F.3d at 1314 (quoting *Applied Cos.*, 144 F.3d at 1478). As the United States Court of Appeals for the Federal Circuit explained, it is not necessary for a contractor's claim to be based on the contract itself or a regulation so "long as it relates" to the contractor's "performance under the contract." *Id.* Thus, the Federal Circuit has made clear that a performance evaluation relates to performance under the contract even though it may not "relate to the terms of the contract itself." *Id.* at 1313. The Board's recent precedent also recognizes its jurisdiction to review challenges to negative performance evaluations. *Colonna's Shipyard, Inc.*, ASBCA No. 56940, 10-2 BCA ¶ 34,494; *Versar, Inc.*,

4

ASBCA No. 56857, 10-1 BCA ¶ 34,437. By stating its disagreement with the CPAR and citing to FAR 43.15, Colonna states a claim within the CDA jurisdiction of the Board.

However, Colonna's complaint goes beyond simply requesting review by the Board of its CPAR ratings on the contract. To the extent Colonna's first amended complaint can be read to seek injunctive relief or specific performance, the Navy is correct that such a request would be beyond the jurisdiction of the Board. *See, e.g., Versar*, 10-1 BCA ¶ 34,437 at 169,959. In opposing the Navy's motion to dismiss, Colonna asserts that the Navy's motion "misunderstands" the relief sought and that Colonna "is not asking the Board to write the CPAR or to direct the Navy to include any specific language in the CPAR. Nor is Colonna's asking the Board to grant injunctive relief" (Appellant's Opposition to Navy's Motion to Dismiss, Motion to Strike, and/or Motion for Summary Judgment [sic] (app. opp'n) at 2). Accordingly, we deny the Navy's motion to dismiss with regard to counts two, three, and four of Colonna's first amended complaint. To the extent paragraphs 112, 118, and 122 of Colonna's first amended complaint can be read to request specific performance or injunctive relief, we strike the words "be ordered to" from the language "the Contracting Officer should be ordered to issue a new CPAR that is fair and accurate."

With regard to count five of Colonna's first amended complaint, we grant the Navy's motion to strike. Unlike counts two through four, we fail to see how count five can be read as anything other than a request for injunctive relief or specific performance. Despite Colonna's statement that it is not asking for injunctive relief, it is unclear how Colonna's request that "all CPAR information now and in the future relating to this contract should be stricken and not exist in any Navy record" can be read as anything other than a request for injunctive relief. In fact, a request for a "court order...preventing an action" is the dictionary definition of an injunction. *See* BLACK'S LAW DICTIONARY (8th ed. 2004). It is not within the Board's jurisdiction to grant to such relief. *See, e.g., Versar*, 10-1 BCA ¶ 34,437 at 169,959.

B. The Board Lacks Jurisdiction to Entertain Count One

In count one of its first amended complaint, Colonna asserts a due process violation in the preparation of the CPAR because it was not afforded the opportunity to hear and respond to the negative comments before they were memorialized in the CPAR (compl. ¶ 100). The government moves to dismiss this count because the Board lacks jurisdiction to entertain constitutional claims and claims for constructive debarment. The government is correct that the Board is without jurisdiction to entertain claims solely based on the constitution. *See, e.g., M&M Services, Inc.*, ASBCA No. 28712, 84-2 BCA ¶ 17,405. The government is additionally correct that the Board lacks jurisdiction to entertain claims based on a constructive debarment. *See, e.g., Ben M. White Co.*, ASBCA No. 39444, 90-3 BCA ¶ 23,115. In opposition, Colonna asserts that it is not asking for relief based solely on a constitutional violation but that it instead asserts that "the CPARs

5

issued pursuant to this contract are procedurally deficient under the contract's specific terms and that causes a constitutional violation" (app. opp'n at 5). Additionally, Colonna asserts that it is not seeking Board review of a constructive debarment, but rather "an action taken by the Navy *under a specific contract that will have a forward-looking effect on Colonna's*" (*id.*) (emphasis in original). A reading of Colonna's first amended complaint does not support Colonna's characterization of its complaint as asserting a contract-based claim that results in a constitutional violation and constructive debarment. Instead, Colonna clearly asserts a stand-alone constitutional claim and constructive debarment. (Compl. ¶ 104 (the CPAR statement that Colonna would not be recommended for future contracts "is clearly designed to bar Colonna's from future government contracts, and thus gives rise to a due process violation if Colonna's is not given the opportunity to be heard on these issues and to have them corrected."))

Moreover, even if we were to consider Colonna's arguments presented in its affirmative motion for partial summary judgment on jurisdiction, it would not change this result. Colonna cites *Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953 (D.C. Cir. 1980); and *Gonzalez v. Freeman*, 334 F.2d 570 (D.C. Cir. 1964), for the proposition that it is entitled to certain due process protections before it can be debarred from government work (Colonna's Motion for Partial Summary Judgment (app. mot.) at 7-10). However, *Old Dominion* and *Gonzalez* were not CDA cases. The fact that district courts possess jurisdiction to review constitutional due process issues has no bearing on this Board's jurisdiction pursuant to the CDA.

To the extent that Colonna actually seeks to assert a contractual violation, it does so in counts two through four of the first amended complaint and count one would be duplicative. Accordingly, we grant the government's motion to dismiss count one of the first amended complaint.

## DECISION ON APPELLANT'S MOTION

We now turn to Colonna's motion for summary judgment. Colonna seeks summary judgment on two issues. First, Colonna seeks partial summary judgment that the Board "has jurisdiction over this dispute." Colonna next seeks summary judgment that "the Navy must undertake efforts to issue a factually correct and not misleading CPAR under this contract." (App. mot. at 1) For the reasons stated below, we deny Colonna's motion for partial summary judgment.

## STATEMENT OF FACTS FOR PURPOSES OF APPELLANT'S MOTION

The Board finds that there are disputes regarding the material facts upon which Colonna bases its motion for partial summary judgment.

6

## STANDARD OF REVIEW FOR MOTION FOR PARTIAL SUMMARY JUDGMENT

We will grant summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). Once the moving party has met its burden of establishing the absence of disputed material facts, then the non-moving party must set forth specific facts, not conclusory statements or bare assertions, to defeat the motion. *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 626-27 (Fed. Cir. 1984).

## I.     Colonna's Motion Regarding Jurisdiction is Moot

As explained above in resolving the government's motion to dismiss, the Board possesses jurisdiction to entertain a challenge to a CPAR rating pursuant to the Federal Circuit's holding in *Todd Construction*. Accordingly, we deny Colonna's motion for partial summary judgment that the Board possesses jurisdiction as moot.[3]

## II.    Material Issues of Disputed Fact Prevent Entry of Partial Summary Judgment Regarding the CPAR

Colonna seeks partial summary judgment that "the Navy must undertake efforts to issue a factually correct and not misleading CPAR under this contract" (app. mot. at 1). Colonna bases its motion for partial summary judgment upon its assertions that the Navy committed certain procedural errors in issuing the CPARs, and that the CPARs contain several factual errors (app. mot. at 11-16). Specifically, Colonna asserts that it was not afforded due process rights to be heard and to present evidence before the CPAR was issued. Colonna additionally asserts that the Navy improperly delegated the drafting of the CPAR to employees that were not familiar with Colonna's performance on the contract. (*Id.* at 11-12) Colonna also asserts that the CPAR contains factual errors pertaining to the period of contract performance, the value of the contract, information pertaining to a subcontractor, Colonna's technical performance, and information pertaining to a modification of the contract (*id.* at 12-16).

---

[3] We note that jurisdiction is normally the subject of a motion to dismiss, rather than a motion for summary judgment. Even if the Board were to enter summary judgment on the existence of jurisdiction, it would not prevent a subsequent jurisdictional challenge, because jurisdiction can be challenged at any time, including on appeal.

Colonna asserts that the CPAR contract information section lists a total dollar value of the contract of $8,028,632 and a current contract dollar value of $8,006,529. Colonna asserts that this is "grossly misleading" because the award value of the contract was $5,035,171. (App. mot. at 13) Colonna concedes that the 1 September 2015 CPAR states that "It should be noted that the contract values listed in the contract information section above are not completely accurate. The contract value at award was $5,035,171 and the final contract value at completion (including $900,000 final settlement) was $8,928,631.91." (*Id.,* ex. 3 at 4)[4] Colonna additionally asserts that the CPAR completion date of 1 May 2014 is "grossly misleading" because it does not mention a one-year extension of the performance period (app. mot. at 14). Colonna also asserts that the CPAR fails to "adequately discuss or comply with Mod. 15," which Colonna interprets as directing the Navy to discuss the contract modification and settlement in the CPAR, including issues with ballast pump specifications and other identified issues (*id.* at 14-15). Finally, Colonna asserts that the Navy incorrectly asserted that some of Colonna's requested changes could not be made due to computer software limitations (*id.* at 16).

Colonna does not support any of the factual allegations upon which it premises its motion with citations to the record or affidavits, with the exception of references to the CPARs attached to its motions. As set forth in Board Rule 7(c)(2), in deciding motions for summary judgment:

> [T]he Board looks to Rule 56 of the Federal Rules of Civil Procedure for guidance. *The parties should explicitly state and support by specific evidence all facts* and legal arguments necessary to sustain a party's position. *Each party should cite to the record and attach any additional evidence upon which it relies (e.g., affidavits, declarations,* excerpts from depositions, answers to interrogatories, admissions). The Board may accept a fact properly proposed and supported by one party as undisputed, unless the opposing party properly responds and establishes that it is in dispute. [Emphasis added]

Colonna's failure to support any of its allegations with citations to the record or additional evidence prevents the Board from finding any facts in support of the motion in favor of Colonna. This basis alone would be sufficient to deny Colonna's motion. However, we also note that the Navy disputes all of the material facts alleged by Colonna and has supported its opposition with the declaration of Aaron Stallings, a Navy

---

[4] Colonna did not separately tab or identify the four CPARs attached to its motion. Accordingly the attachments to the complaint were numbered consecutively by the Board for reference purposes.

supervisory contracting officer and the CPAR program manager at the Mid-Atlantic Regional Maintenance Center, and citations to the record.

In his declaration, and based upon his personal knowledge, Mr. Stallings demonstrated that there are material factual issues preventing the entry of Colonna's motion for partial summary judgment. To the extent any of Colonna's allegations regarding a lack of opportunity to comment on the CPARs survive dismissal of Count I of Colonna's first amended complaint, the declaration controverts Colonna's assertions of procedural error by stating that Colonna was permitted the opportunity to comment on the draft CPAR. (Navy Response to Colonna's Motion for Partial Summary Judgment (gov't opp'n), ex. 1, ¶¶ 16-17, attach. D (Colonna's 26 March 2015 rebuttal comments)). The Navy also cites to Colonna's own motion and complaint for additional evidence that Colonna was permitted to comment on CPARs (*id.* at 5 (citing app. mot. at 3 ("The Navy grudgingly has accepted written protests" and "changes have been issued...after detailed written protests by the [sic] Colonna's"); compl. ¶ 15 ("The contractor has provided comments"))).

Mr. Stallings' declaration also refutes Colonna's assertion that the drafting of the CPAR was improperly delegated (gov't opp'n, ex. 1, ¶ 23 ("No one, including the Administrative Contracting Officer under the Contract, delegated the issuance of Colonna's performance evaluation (CPAR) to myself or Ms. Bailey. The issuance of the CPAR falls within our scope of duties as employees of the [Mid-Atlantic Regional Maintenance Center's] CPAR Program.")).

Mr. Stallings' declaration also disputes the allegations of factual error asserted by Colonna. Specifically, Mr. Stallings indicated that the CPAR does present the correct cost growth information under the contract (gov't opp'n, ex. 1, ¶¶ 18-21), and the correct performance dates (*id.*, ¶¶ 19, 21). The Navy additionally disputes Colonna's assertion that modification 15 directed the Navy to discuss the contract modification in the CPAR, arguing that the modification only required that the CPAR reflect an unresolved dispute involving one of Colonna's subcontractors (gov't opp'n at 11 (citing R4, tab 38 at 318)). The Navy also notes that there is "an entire paragraph in the CPAR dedicated to the modification and settlement agreement" (*id.* (citing ex. 1, attachs. E-G)). Finally, Mr. Stallings' declaration provides support for the assertion that software limitations prevent the Navy from making certain of the modifications requested by Colonna (gov't opp'n, ex. 1, ¶¶ 19-20). Accordingly, we deny Colonna's motion for partial summary judgment.

As we deny Colonna's motion for partial summary judgment for the reasons stated above, we need not reach the Navy's alternate argument that the motion for partial summary judgment should be denied because Colonna failed to demonstrate that it was prejudiced by the CPARs.

Dated: 6 October, 2016

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 59987, 60104, 60105, Appeals of Colonna's Shipyard, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals